UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| THOMAS E. CROWE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-CV-37 |
| ) | |
| BRADLEY EQUIPMENT RENTALS & ) | |
| SALES, INC., HALE Y. ROE, BRIAN ) | Chief Judge Curtis L. Collier |
| SMITH and CITY OF CLEVELAND, TN, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Before the Court is the motion to dismiss of Defendants City of Cleveland, Tennessee (Cleveland) and Brian Smith (Smith) pursuant to Federal Rule of Civil Procedure 12(b)(6) (Court File No. 9), as well as the supporting memorandum (Court File No. 10), Plaintiff's response (Court File No. 14), and Defendants' subsequent reply (Court File No. 15). Defendants Bradley Equipment Rentals and Sales, Inc. (BERS) and Hale Y. Roe (Roe) have no pending motions before this Court.

After considering the above motions and briefs, and for the following reasons, this Court will **DISMISS** the claims under 42 U.S.C. §§ 1983 and 1985 against Defendants City of Cleveland, Tennessee and Brian Smith; will **DISMISS** the claim under 11 U.S.C. § 362 against Defendants City of Cleveland, Tennessee and Brian Smith; and will **REMAND** the remaining state claims against Defendants City of Cleveland, Tennessee and Brian Smith to the Circuit Court of Bradley County, Tennessee.

## I. STANDARD OF REVIEW

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), accepts the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determines whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, -- U.S.--, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting traditional Fed. R. Civ. P. 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). The Court may not grant a 12(b)(6) motion based upon its disbelief of a complaint's factual allegations, *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), nor should the Court weigh the evidence or evaluate the credibility of witnesses, *id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The question is not whether the plaintiff will ultimately prevail but whether "the claimant is entitled to offer evidence to support the claims." *Kroll v. United States*, 58 F.3d 1087 (6th Cir. 1995); *Ecclesiastical Order of the Ism of Am., Inc. v. Internal Revenue Serv.*, 725 F.2d 398, 403 (6th Cir. 1984). At the same time, bare assertions of legal conclusions are insufficient, and the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II. RELEVANT FACTS

Plaintiff Thomas E. Crowe, Jr., is a resident of Tennessee (Court File No. 1, Exhibit B, Complaint, at ¶ 1). BERS is a Tennessee corporation conducting business in Tennessee (*Id.* at ¶ 2).

Roe, the owner, officer, and director of BERS, is a resident of Tennessee (*Id.* at ¶ 3). Smith is a detective employed by Cleveland (*Id.* at ¶ 4). Cleveland is a municipality in the State of Tennessee (*Id.* at ¶ 5).

On July 24, 2002, Plaintiff rented construction equipment from BERS (*Id.* at ¶ 6). Plaintiff returned the equipment on September 5, 2002, but did not pay the rental fee (*Id.*). Roe, on behalf of BERS, filed a civil suit against Plaintiff seeking payment of the rental fee on September 16, 2002 (*Id.*). Plaintiff filed for bankruptcy on September 19, 2002 and a discharge order was entered on January 2, 2003 (*Id.* at ¶ 6, 7). BERS was listed as a creditor in the bankruptcy case; however, BERS did not file any objection to the discharge of Plaintiff's debt (*Id.* at ¶ 7). As a result of the bankruptcy order, the Civil Division of the Bradley County General Sessions Court dismissed BERS's civil suit against Plaintiff (*Id.* at ¶ 8).

On May 1, 2003, Roe, acting on behalf of BERS, filed a police report against Plaintiff alleging Plaintiff committed a theft under state law in failing to pay the rental fee (*Id.* at ¶ 9). Defendant Smith filed an Affidavit of Complaint in the Criminal Division of the General Sessions Court of Bradley County (*Id.*). Plaintiff was arrested, taken to jail, booked, and then released on bond (*Id.*). Bradley County Judge Andrew Bennett dismissed the criminal charges after being advised the debt had been discharged in bankruptcy (*Id.*).

On August 1, 2003, Roe wrote to Smith again, informing him Plaintiff had not paid the rental fee. (*Id.* at 10). Plaintiff was again arrested, taken to jail, booked, and released on bond (*Id.*). The District Attorney voluntarily dismissed the charges on March 29, 2004 (*Id.*).

On September 8, 2004, Smith again testified before the Bradley County Grand Jury (*Id.* at ¶ 11). Plaintiff was charged with theft for the third time concerning the rental from BERS (*Id.*).

Plaintiff was arrested, taken to jail, booked, and released on bond (*Id.*). The District Attorney voluntarily dismissed the charges on September 26, 2006 (*Id.*).

After Plaintiff's third indictment, but prior to its dismissal, Plaintiff filed a complaint with this Court, on December 13, 2005 (Case #1:05-cv-345, Court File No. 1) (2005 Complaint). The 2005 complaint asserted the claims of malicious prosecution, abuse of procedure, violation of the Tennessee Constitution, Art. 1, Sec. 18, false arrest and imprisonment, outrage, and federal actions under 42 U.S.C. §§ 1983 and 1985 (*Id.*). However, the 2005 complaint did not include any facts arising from Plaintiff's third indictment on September 8, 2004 (*Id.*) Defendants in the 2005 case, *i.e.* BERS, Roe, and Cleveland, filed motions to dismiss (Case #1:05-cv-345, Court File Nos. 2, 4). Plaintiff failed to respond to any of those motions (Case #1:05-cv-345, Court File No. 6). On February 13, 2006, this Court dismissed with prejudice the federal claims under §§ 1983 and 1985 as they were barred by the statute of limitations (Case #1:05-cv-345, Court File Nos. 6, 7). This Court dismissed without prejudice the remaining state claims, refusing to exercise supplemental jurisdiction since all claims with original jurisdiction had been dismissed (*Id.*).

Plaintiff filed a second complaint in the Circuit Court of Bradley County, Tennessee, on February 12, 2007 (Case #1:07-cv-37, Court File No. 1, Exhibit B, Complaint, at ¶ 1). Defendants Smith and Cleveland removed the case to this Court due to the federal questions raised, pursuant to 28 U.S.C. §§ 1331, 1441(a), and supplemental jurisdiction over the state claims, pursuant to 28 U.S.C. § 1441(c) (Court File No. 1). Defendants Smith and Cleveland then filed a motion to dismiss all or part of the claims on April 19, 2007 (Court File No. 9). Plaintiff responded, and Defendants Smith and Cleveland replied (Court File Nos. 14, 15).

## III. DISCUSSION

### A. Federal Claims arising from 42 U.S.C. §§ 1983 and 1985

Actions pursuant to 42 U.S.C. §§ 1983 and 1985 require an underlying violation of the U.S. Constitution or a federal law. *See, e.g., City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119-120 (2005). Plaintiff has failed to specify the specific basis for his §§ 1983 and 1985 actions. In light of the facts alleged in the complaint, this Court views Plaintiff's actions under §§ 1983 and 1985 in reference to claims of false arrest and false imprisonment under the Fourth Amendment of the U.S. Constitution, made applicable to the states through the Fourteenth Amendment.

Before the Court can address the substance of Plaintiff's claims under §§ 1983 and 1985, the Court must first determine whether the claims are barred by the relevant statute of limitations. In accordance with the following analysis, this Court holds Plaintiff's §§1983 and 1985 claims are barred by the statute of limitations.

Since the underlying facts relating to the claims occurred in Tennessee, the Court applies the one-year Tennessee statute of limitations for actions under federal civil rights statutes, including §§ 1983 and 1985. *Wallace v. Kato*, -- U.S. --, 127 S.Ct. 1091, 1094 (February 21, 2007); *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003), *citing* Tenn. Code Ann. § 28-3-104(a)(3).

Although the statute of limitations is taken from state law, the date of accrual is determined by federal law. *Wallace*, 127 S.Ct. at 1095. Generally, an action accrues when the plaintiff "can file suit and obtain relief," having "a complete and present cause of action." *Wallace*, 127 S.Ct. at 1095, *citing Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997). For the related claims of false arrest and false imprisonment, the harm manifests in detention without legal process. Once Plaintiff's detention was pursuant to legal

process, *e.g.* once Plaintiff was arraigned, his cause of action for false arrest and imprisonment accrued. *Wallace*, 127 S.Ct. at 1096.

The most recent set of facts giving rise to a claim of false arrest and imprisonment occurred on or about September 8, 2004, when Plaintiff was charged with theft for the third time (Court File No. 1, Exhibit B, Complaint, at ¶ 11). Plaintiff had one year to file his claims under §§ 1983 and 1985 based upon false arrest and false imprisonment, ending on or about September 8, 2005. Plaintiff filed his action on February 12, 2007,[1] well after the time afforded by the statute of limitations for false arrest and imprisonment. The earlier claims arising from the first and second arrests and imprisonments are also barred by the statute of limitations (*Id.* at ¶¶ 9, 10).[2] As such, this Court will **DISMISS** Plaintiff's 42 U.S.C. §§ 1983 and 1985 claims relating to false arrest and false imprisonment as to Defendants Cleveland and Smith.

---

[1] February 12, 2007 is the date of Plaintiff's filing in the Circuit Court of Bradley County, Tennessee, prior to removal to this Court.

[2] This Court previously dismissed with prejudice claims under 42 U.S.C. §§ 1983 and 1985 concerning the first and second arrests and imprisonments in Plaintiff's previous complaint (Case No. 1:05-CV-345, Court File Nos. 6, 7), as the claims were barred by the statute of limitations. A dismissal of claims barred by the relevant statute of limitations is considered a judgment on the merits. Fed.R.Civ.P. 41(b)("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.")(emphasis added). Still barred by the statute of limitations, issue preclusion also prevents Plaintiff from litigating these claims again. *Migra v. Warren City School Dist. Bd. of Educ.*, 456 U.S. 75, 77 n.1 (1984)("Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."); *Barnes v. McDowell*, 848 F.2d 725, 728 (6th Cir. 1988)(expressing a desire that "issue preclusion" and "claim preclusion" be used, rather than the convoluted terms "*res judicata*" and "collateral estoppel.")

**B.     Automatic Stay Provisions of 11 U.S.C. § 362**

Plaintiff alleges Defendants Cleveland and Smith violated the automatic stay pursuant to 11 U.S.C. § 362 by effectuating criminal charges against Plaintiff. Those criminal charges were based upon the debt owned to Defendant BERS, which was subject to discharge in bankruptcy. For the following reasons, this Court will **DISMISS** Plaintiff's claims against Defendants Smith and Cleveland pursuant to 11 U.S.C. § 362(k)(1).[3]

Defendants Smith and Cleveland effectuated criminal charges against Plaintiff on three occasions, beginning on or about May 1, 2003; August 1, 2003; and September 8, 2004. Pursuant to 11 U.S.C. § 362(b)(1), an automatic stay does not apply to "the commencement or continuation of a *criminal* action or proceeding against the debtor. . ." (emphasis added). Since, by the express language of the statute, the actions of Defendants Smith and Cleveland could not have violated the stay under 11 U.S.C. § 362, this Court will **DISMISS** Plaintiff's § 362 claim against Defendants Smith and Cleveland.

**C.     State Claims**

Before considering the state claims, this Court must determine whether it can and should exercise supplemental jurisdiction. "District courts have the discretion to refuse to exercise supplemental jurisdiction over state law claims if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Widgren v. Maple Grove Tp.*, 429 F.3d 575, 586 (6th Cir. 2005), *quoting* 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Id.* (citations and quotation

---

[3] The contempt provision for willful violation of a stay is provided in 11 U.S.C. § 362(k)(1), and provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

omitted); *see also Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (explaining if the federal claims are dismissed before trial, the state claims generally should be dismissed as well). If a district court declines to exercise supplemental jurisdiction, its decision "will not be overturned on appeal absent an abuse of discretion." *Weeks v. Portage County Executive Offices*, 235 F.3d 275, 279 (6th Cir. 2000).

This Court has dismissed all federal claims against Defendants Cleveland and Smith, and retains no further federal interest in Plaintiff's remaining claims. Plaintiff has alleged violations of several state laws and the Tennessee constitution. This Court will not intrude on the right of the Tennessee courts to adjudicate its laws and determine the rights afforded by its state constitution. For the foregoing reasons, this Court will **REMAND** the state law claims to the originating court, the Circuit Court of Bradley County, Tennessee.

## IV. CONCLUSION

For the reasons outlined above, this Court will **DISMISS** Plaintiff's 42 U.S.C. §§ 1983 and 1985 actions against Cleveland and Smith; will **DISMISS** Plaintiff's 11 U.S.C. § 362 claims against Cleveland and Smith; and will **REMAND** the remaining state claims against Cleveland and Smith to the Circuit Court of Bradley County, Tennessee.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**